O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 11-5962 DOC(OPx) | Date: July 1, 2014 |

Title: CURTIS CLIFFORD INGRAM V. UNKNOWN AGENTS OF LONG BEACH POLICE DEPT. ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION FOR COUNSEL [77]**

Before the Court is Plaintiff Curtis Clifford Ingram's ("Ingram") motion for appointment of counsel pursuant to 28 U.S.C. § 1915(e).  *See* Mot. (Dkt. 77).  The Court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the motion, the Court DENIES the request.

**I.   Background**

The operative complaint in this case is the Third Amended Complaint ("TAC") (Dkt. 23).  The claim remaining for resolution at trial is Plaintiff's excessive force claim under the Fourth Amendment.

Plaintiff's claim arises out of his arrest in Long Beach, California.  He was approached by two police officers who simultaneously discharged their tasers.  The two probes hit Mr. Ingram simultaneously, allegedly causing significant harm:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 11-5962 DOC(OPx)            Date: July 1, 2014
           Page 2

> The cross currents from the two sets of probes cycling simultaneously left him with "difficulty breathing, chronic headaches, blurred vision, chronic pain in the areas of tasers, convolution of nerves along back, neck, and chest, prehypertension high blood pressure, difficulty focusing and/or thinking clearly, severe genital discomfort, sensitivity to light, and vibrations in legs and feet." . . . As a result of these physical difficulties, Plaintiff's grades at Long Beach City College declined, and he was unable to maintain his financial aid. . . . Plaintiff also lost his apartment and ended up incarcerated.

Report and Recommendation (Dkt. 74), *adopted by the Court on* May 8, 2014 (Dkt. 75), at 5.

       II.      Legal Standard

Federal criminal defendants are entitled to representation of counsel, and the Court has the power to appoint and compensate counsel in such cases. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). However, there is no constitutional right to appointed counsel in civil matters. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no right to appointed counsel in section 1983 action). The Court has no direct means to compensate counsel for representing a plaintiff, nor does the Court have authority to compel an attorney to represent a plaintiff. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298, 301-10 (1989).

In exceptional circumstances, the Court has discretion to request counsel to voluntarily provide representation. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *see also Mallard*; *30.64 Acres of Land*, 795 F.2d at 798-803. To decide whether such "exceptional circumstances" exist, the Court evaluates both the likelihood of a litigant's success on the merits and his or her ability to articulate claims *pro se* in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these factors is dispositive and both must be viewed together before reaching a decision" regarding appointment of counsel. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). A court may also consider "any of a number of factors. Among these factors are the complexity of the legal issues presented and the capability of the litigant to recognize and present the issues, the complexity and conflicting nature of the facts, the ability of the litigant to investigate his case, and the

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 11-5962 DOC(OPx)            Date: July 1, 2014
                                                            Page 3

---

relative substantive value of the claims presented." *Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir. 1982).

       III.     Discussion

       The strength of the merits of Mr. Ingram's case is murky at best. Mr. Ingram will argue, based largely on his own testimony, that the officers approached him without reason and unnecessarily deployed their tasers without warning. The city will argue that the officers were called to the scene due to an unknown individual banging on the door of a closed bar, and that the officers believed Mr. Ingram was that suspect. The accounts of Mr. Ingram and the two officers differ widely, and there are some inconsistencies within the officers' statements. The case is neither meritless, nor are the chances of success very high. The merits question therefore does not weigh strongly in either direction.

       Mr. Ingram argues that this case is appropriate for appointment of counsel both because there is a need for a detached litigator who is not personally involved, and to unwrap the alleged series of wrongful acts the city took to cover up its bad acts. Mr. Ingram further argues that complex issues are presented in the form of police procedures, the proper use of tasers, and likely expert testimony on electrical injuries. Finally, Mr. Ingram argues that he is unable to litigate these issues as a pro se plaintiff, particularly because he is incarcerated and therefore cannot investigate.

       The Court finds that, considering all relevant factors, appointment of counsel is not appropriate in this case. Mr. Ingram's factual and legal issues are not unduly complex, and Mr. Ingram will have an opportunity to conduct further investigation after his release, as the case cannot proceed further until that time anyway. Mr. Ingram will face the challenges of most civil pro se parties, but these challenges will not be outside the norm. This is simply not an exceptional case that warrants the Court requesting an attorney.

       The motion for appointment of counsel is therefore DENIED.

       The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                       Initials of Deputy Clerk: jcb